DELLA CAROLINE LOKEN v. DIAMOND T MOTOR
CAR COMPANY AND OTHERS.
FRANK JACOBS v. SAME.
HARRY JAFFA, *d. b. a.* JAFFA TRANSPORTATION
COMPANY, v. SAME.[1]

December 24, 1943.

Nos. 33,526, 33,527, 33,528.

[1]Reported in 12 N. W. (2d) 345.

*Stearns & Stearns* and *Clifford W. Gardner,* for appellant.

*Robert J. McDonald, William H. DeParcq,* and *Robins & Davis,* for respondents.

HOLT, COMMISSIONER.

In three actions begun in the district court of this state against appellant, an Illinois corporation with its main office in Chicago, Illinois, the summons in each action was served on appellant by serving it upon Harold F. Dunn, a resident of Ramsey county, this state. In one suit the service was made June 3, 1942, and in the two other suits on July 30, 1942. In each case appellant appeared specially and moved to set aside the service on the ground that it was a foreign corporation, doing no business in this state, never having applied for license to do business here, and having no property in the state. Affidavits and counteraffidavits were filed, and oral testimony of 170 printed pages taken. The trial court denied the motion in each case, and these appeals followed.

The first proposition is whether the record shows that appellant was doing business in this state at the time each summons was served. Appellant manufactures and sells Diamond T trucks. The factory and principal place of business has been and still is at Chicago, Illinois. During the last 13 years it has had 12 or 13 dealers in this state who procure orders from customers to purchase appellant's trucks. The trucks are heavy trucks, generally made according to specifications of each order. The orders are sent to appellant in Chicago and if accepted are there made; but payment must be received before a truck so ordered leaves the

factory. There are some exceptions to this mode of doing business in case a dealer desires to have some sample of the truck on exhibition in his place of business. In that case appellant takes a chattel mortgage on the truck. But before such a truck can be sold or removed from the dealer's place of business the chattel mortgage must be paid. The dealers also may purchase parts from appellant; but they also must be paid for before shipped from Chicago. There, however, is a provision in the contract with the dealer that parts which become obsolete may be returned and credit received for the price at which they were purchased. It is to be noted that appellant accepts no orders for trucks or parts except those procured and forwarded to it by its appointed dealers. It also was proved that appellant has expert mechanics whose duties are to visit the dealers and remedy or repair any defect which may develop in a truck sold. The dealer does not pay these so-called servicemen. They are paid by appellant. No part is paid by the dealer or the purchaser of the truck thus serviced. The dealers are asked to buy and post in their territory signs advertising the Diamond T truck. If a photograph of the sign so posted is sent to appellant's office, a rebate on the price paid for the sign is given.

Large quantities of advertising matter of appellant's trucks are sent free to the dealers; but if the dealer is dismissed or his relation with appellant is severed, the contract provides that such advertising matter on hand or other property of appellant must be returned to its home office in Chicago.

It appears that appellant sends to this state each year about $150,000 worth of its trucks, besides parts. It is also significant that Harold F. Dunn, the person on whom the service of the summonses was made, is the one who during his employment by appellant for the last 13 years has investigated and recommended the dealers it has had and still has in this state with but few exceptions. When the defendants Ryan, a partnership, were appointed dealers in Minneapolis, it was upon the recommendation of Dunn. And when that firm opened its place of business on University

avenue in Minneapolis, an invitation to appellant's vice-president and general sales manager and another high official to grace the occasion with their presence was extended, and they came. While Harold F. Dunn has not been a salesman taking orders for appellant's trucks, he is in appellant's pay and whenever requested goes with a dealer as a technician to demonstrate the capabilities and workings of its trucks. His territory includes all of Minnesota, the Dakotas, Wisconsin, and the northern peninsula of Michigan, but he estimated, roughly speaking, this state took about half his time and that the volume of the sales in Minnesota was about half of that in his whole territory. Prior to April 1, 1942, Mr. Dunn was compensated wholly by commission upon the sales made upon the orders procured by the dealers. But after that date he was paid a weekly salary and had an expense account. Mr. Dunn designated that since that date it has been his duty to circulate among owners of appellant's trucks and obtain information from them about the condition of their trucks, their troubles and difficulties, if any, and report to appellant's officers at Chicago. Numerous letters were received in evidence. The statute applied in Dahl v. Collette, 202 Minn. 544, 279 N. W. 561, is here applicable, *viz.,* Minn. St. 1941, § 543.08 (Mason St. 1927, § 9231[3]). Appellant's counsel vehemently claims that this was emergency work due to the war and that appellant while doing such work in this state was immune from process here. We know of no such statute and have been cited to none. But, aside from that, we think this record amply shows that appellant was doing business in this state when served. Mr. Dunn had stored a repossessed Diamond T truck with a gasoline distributor three weeks in January 1942. The manner in which Mr. Dunn had for 13 years been conducting what appellant deemed its business, promoting good will by securing dealers for its goods, contacting the dealers and the dealers' customers, and the owners of its trucks, advertising and helping them to secure satisfactory work out of appellant's trucks at no expense or cash to either the dealers, their customers, or the owners of the trucks seems to us to be abundant proof that appellant was doing business

in this state, assuming that the burden of proof was upon plaintiffs to show that appellant was doing business in this state at the time when the summonses were served.

That Mr. Dunn was a proper agent of appellant upon whom service of summons or process could be made is clear. There was offered a mass of letters from appellant's assistant manager at Chicago to Mr. Dunn instructing him to attend to specified work with the appointed dealers in his district. He was required to report regularly of his doings to appellant. During all his 13 years of service he styled himself "District manager for the Diamond T Motor Car Company of Chicago." There was no evidence denying that fact. It must be taken for granted that appellant's executive officers recognized him as so employed, which appears from the correspondence in evidence, and the work which by such correspondence he was directed to do with its dealers in this state, with its dealers' customers, and with the owners of its trucks in this state.

This decision is governed by Dahl v. Collette, *supra,* and Frene v. Louisville Cement Co. 77 U. S. App. D. C. 129, 134 F. (2d) 511, 146 A. L. R. 926, an opinion by Justice Rutledge of the court of appeals of the District of Columbia, now associate justice of the Supreme Court of the United States.

Orders affirmed.